**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WEST AMERICAN INSURANCE
COMPANY,

      Plaintiff-Appellee-
      Cross-Appellant,

v.

GIUSEPPE'S DEPOT RESTAURANT
CORPORATION, doing business as
Giuseppe's Old Depot Restaurant;
NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY, doing
business as Farmland Insurance;
ACORN PETROLEUM, INC., doing
business as Ochs Brothers,

      Defendants-Appellants-
      Cross-Appellees.

Nos. 03-1488 & 03-1505
(D.C. No. 01-MK-1188 (MJW))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,[**] District Judge. [***]

_____

In this diversity suit, Defendants Giuseppe's Depot Restaurant Corporation, Nationwide Agribusiness Insurance Company, and Acorn Petroleum, Inc. (hereinafter Giuseppe's) appeal from a declaratory judgment, entered following a bench trial, in favor of Plaintiff West American Insurance Company. The district court ruled that, although a West American insurance policy covering Giuseppe's tenant liability on its leased premises was ambiguous, the fire insurance policy limit was $250,000 based on the parties' intent at the time of execution. On appeal, Giuseppe's argues the court applied the wrong legal standard in construing the policy. According to Giuseppe, once the court concluded the policy was ambiguous as to the amount of coverage, Colorado law required the court to construe the policy against West American to require fire coverage for the highest general liability limit in the policy. On cross-appeal, West American argues the court erred in finding the policy was ambiguous as to the $250,000 policy limit.

_____

[**]   The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

[***]   After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Our jurisdiction arises under 28 U.S.C. § 1291. When, as here, the relevant facts are undisputed, we review the district court's interpretation of an insurance contract de novo. Fed. Ins. Co. v. Tri-State Ins. Co., 157 F.3d 800, 802 (10th Cir. 1998). In exercising its diversity jurisdiction, the district court appropriately applied the substantive law of Colorado. See Blackhawk-Central City Sanitation Dist. v. Am. Guar. & Liab. Ins. Co., 214 F.3d 1183, 1188 (10th Cir. 2000). We do the same. Applying the appropriate standard, we conclude the district court properly construed the insurance policy under Colorado law and also properly received the undisputed extrinsic evidence of the parties' intent.

Under Colorado law,

> [a]n insurance policy is merely a contract that courts should interpret in line with well-settled principles of contract interpretation. In undertaking the interpretation of an insurance contract, courts should be wary of rewriting provisions, and should give the words contained in the contract their plain and ordinary meaning, unless contrary intent is evidenced in the policy. Courts should read the provisions of the policy as a whole, rather than reading them in isolation. Courts may neither add provisions to extend coverage beyond that contracted for, nor delete them to limit coverage. However, because of the unique nature of insurance contracts and the relationship between the insurer and insured, courts do construe ambiguous provisions against the insurer and in favor of providing coverage to the insured.

Cyprus Amax Minerals Co. v. Lexington Ins. Co., 74 P.3d 294, 299 (Colo. 2003) (internal citations omitted). Insurance contracts "must be construed to carry out the intent of the parties. Whenever possible, the parties' intent must be

ascertained from the policy language alone." Bengtson v. USAA Prop. & Cas. Ins., 3 P.3d 1233, 1235 (Colo. Ct. App. 2000); Allstate Ins. Co. v. Starke, 797 P.2d 14, 17-18 (Colo. 1990) (accord). But if the policy is ambiguous, "[e]xtrinsic evidence may assist the trial court in determining whether and to what extent actual liability . . . is covered by an existing policy." Cyprus Amax Minerals Co., 74 P.3d at 301-02.

Giuseppe's implicitly argues that, when a policy is ambiguous, the parties' actual intent is irrelevant. And it asserts, without citing adequate authority, a court must always construe an ambiguous insurance contract "to provide the most amount of coverage available" without receiving evidence of actual intent. We disagree. [1] Although Colorado courts construe an ambiguous insurance policy in favor of coverage, they "do so only to protect the reasonable expectations of the insured at the time the insured purchased the policy." Bengtson , 3 P.3d at 1237 (citing Public Serv. Co. v. Wallis & Cos. , 986 P.2d 924 (Colo. 1999)). Based upon its uncontested findings, the district court properly construed the policy and held Giuseppe's reasonable expectation at the time it purchased the policy was to receive tenant liability coverage

---

[1] We agree with the district court, of course, that when an insurance company seeks to totally avoid coverage through a standard exclusion and uses ambiguous language to attempt to do so, the ambiguity is construed in favor of coverage. *See Black-Hawk Central City Sanitation Dist.* , 214 F.3d at 1191.

of $250,000 for fire damage in exchange for payment of an $89 yearly premium. In so holding, the district court properly found the policy's terms ambiguous despite West American's assertion to the contrary.

We have carefully reviewed the parties' briefs, the record on appeal, and the terms of the subject policy. We affirm the judgment of the district court for substantially the reasons set forth in its thorough findings and conclusions, set forth in open court on October 17, 2003.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge